PER CURIAM.
By an information the appellant was charged with the crime of breaking and entering a dwelling house with intent to commit a felony, to-wit: grand larceny. When arraigned he pleaded not guilty and waived trial by jury. He was tried before the court, found guilty and sentenced to confinement for a period of one year. On appeal therefrom the appellant contends that the trial court erred in refusing to grant a directed verdict in favor of the defendant for the reason that the evidence was insufficient to support a conviction, and that the court committed reversible error by admitting into evidence certain items, to-wit: a knife with a broken blade, and a broken portion of a knife blade. On consideration of those contentions in the light of the record and briefs we find them to be without merit and affirm.
There was no objection at the trial to the introduction into evidence of the knife found at the scene. The objection made to the introduction of the separate broken portion of the knife blade found at the scene was on the ground that it had not been shown by testimony to be a matching portion of the blade of the knife. Testimony of a witness introduced by the *16 state to deal with that fact was excluded on objection by the defendant that the witness was not qualified as an expert thereon. We agree with the contention of the state that the broken knife blade point was admissible in evidence as an item found at the scene, for comparison with the broken knife blade, to have such evidentiary weight as the trier of fact should accord thereto. Without attempting to restate the evidence disclosed in the record we hold it was sufficient to support the trial judge in finding against the defendant on the issue as to the commission of the alleged crime and the identity of the defendant, as the perpetrator thereof.
Affirmed.